UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW SLUSS,

    Plaintiff,

        v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    Defendants.

Civil Action No. 19-3658 (JEB)

## MEMORANDUM OPINION

Plaintiff Matthew Sluss, a citizen of both the United States and Canada, would prefer to serve the remainder of his 33-year sentence north of the border — or not serve it at all. Believing a Canadian prison would grant him parole, Sluss has applied to the Federal Bureau of Prisons for three separate transfers, each of which was denied. After the most recent denial, he brought this *pro se* action under the Religious Freedom Restoration Act, alleging that the Government's refusal to transfer him impermissibly burdens his exercise of his Messianic Sabbatarian religious faith. The Government now moves to dismiss, rejoining that there is no less-restrictive way it can further its compelling interest in Sluss's serving his sentence. Agreeing that the claim is facially deficient in that and other respects, the Court will grant the Motion.

**I.    Background**

On this Motion to Dismiss, the Court limits its discussion to the facts pled in the Complaint, except where citing public records. On March 12, 2012, Sluss was sentenced to 33 years in prison on child-pornography charges. See ECF No. 15-1 (Def. MTD) at 1. He is currently incarcerated at the Petersburg-Medium Federal Correctional Complex in Virginia. See

1

ECF No. 1 (Compl.), ¶ 5. Plaintiff identifies as a Messianic Sabbatarian and, "[a]s such, he keeps the Jewish Torah as well as the new covenant." Id., ¶ 6.

Sluss has identified numerous tenets of his faith that he claims he is not able to fully exercise in prison. He states that he is obligated to consume wine and Challah bread each Friday, to drink wine, eat lamb, and sleep outdoors "amongst trees" on certain holy days, and generally to care for his elderly father in Canada. Id., ¶¶ 9–17. Understandably, the Department of Justice is unenthused about the prospect of allowing federal prisoners to drink alcohol, camp outdoors, and travel internationally, and it has offered Plaintiff grape juice and turkey in lieu of wine and lamb and not permitted him to travel to Canada or sleep outdoors. Id., ¶ 18. Because Sluss is requesting only a prison transfer, not the accommodation in his current prison of any specific religious practice, the Court need not delve into the merits of each desired practice and the adequacy of offered alternatives.

For reasons unclear to the Court, Sluss is certain that if he were transferred to a Canadian prison, "he would be immediately eligible for day parole and full parole," which would eliminate any barriers to his practice of religion. Id., ¶ 43. He filed transfer requests in 2013, 2016, and 2018, all of which were denied. See ECF No. 15-2 (Declaration of Paula A. Wolff), ¶ 9. Plaintiff challenged the first of those denials, but the suit was dismissed. Id., ¶ 10. In this current action, challenging the third denial, he brought a RFRA claim for the first time. See Compl., ¶¶ 2, 37–45. His Complaint also included a cause of action under the Administrative Procedure Act, alleging that the Government had improperly considered his request under the wrong standard. Id., ¶¶ 47–49. After the Government explained the discrepancy to his satisfaction, Sluss agreed to withdraw his APA claim. See ECF No. 21 (Pl. Opp.) at 9–10.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court must grant a motion to dismiss when the complaint "fail[s] to state a claim upon which relief can be granted."  In evaluating a motion to dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citations and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint.  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  A plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," but the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A motion to dismiss under Rule 12(b)(6) must rely solely on matters within the pleadings, see Fed. R. Civ. P. 12(d), which includes statements adopted by reference as well as copies of written instruments joined as exhibits.  See Fed. R. Civ. P. 10(c).  Documents that a defendant attaches to a motion to dismiss are "part of the pleading[s]," id., if they are integral to a plaintiff's claim, they are referred to in the complaint, and their authenticity is undisputed.  Kaempe v. Myers, 367 F.3d 958, 965 (D.C. Cir. 2004); see also Hinton v. Corr. Corp. of Am.,

624 F. Supp. 2d 45, 46–47 (D.D.C. 2009).  The Court may thus consider those materials on a motion to dismiss without treating the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see also Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 65 (D.D.C. 2008).

### III.   Analysis

RFRA mandates that the Government may not substantially burden a person's exercise of religion unless it does so to further a "compelling governmental interest" by the "least restrictive means."  42 U.S.C. § 2000bb-1(b).  Sluss here asserts that: (1) the Government has substantially burdened his religious exercise, (2) that it cannot show denying his transfer request "furthers any compelling interest," and (3) even if it could, denial "is not the least restrictive means" of furthering that interest.  See Compl., ¶¶ 37–38, 42.  His proposed "less restrictive alternative" would be to transfer him to a Canadian prison, where "he would be immediately eligible for day parole and full parole."  Id., ¶ 43.  Even if Plaintiff has established a substantial burden, he cannot prevail here, as the Government has a compelling interest in his serving his sentence in the United States, and denying his transfer request is the least restrictive means of furthering this interest.

#### A.   Substantial Burden

A person who brings a challenge under RFRA bears the initial burden of proving that: (1) the Government's policy or action implicates her religious exercise, (2) the relevant religious exercise is grounded in a sincerely held religious belief, and (3) the policy or action substantially burdens that exercise.  See Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers, 239 F. Supp. 3d 77, 88 (D.D.C. 2017).  At the outset, Plaintiff has alleged that the Government's "denials and refusals" of his religiously motivated requests to drink wine, eat lamb, sleep outdoors, and care for his father "substantially burden[] Mr. Sluss's exercise of religion."

Compl., ¶ 18.  Under RFRA, a government restriction imposes a substantial burden when it puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." Kaemmerling v. Lappin, 553 F.3d 669, 678 (D.C. Cir. 2008) (quoting Thomas v. Review Bd., 450 U.S. 707, 718 (1981)).  This bar is not high, and another district court has found that is cleared when the Government denies a prisoner wine for religious ceremonies.  See Sample v. Lappin, 424 F. Supp. 2d 187, 194–95 (D.D.C. 2006).  Accepting as true Plaintiff's factual representations that his beliefs are sincere and of a religious nature, the prison has hindered his religious exercise and — for the purposes of this Motion — he has established that the Government's policies have imposed a substantial burden.

Yet even if the Government has substantially burdened Plaintiff's exercise of religion, the Court is skeptical that this is a proper RFRA claim.  The problem with Plaintiff's Complaint is that he is not seeking the amelioration of any of these restrictions at FCI Petersburg; he is instead demanding a transfer that he believes would alleviate the burden they impose. The statute does not, however, provide for freeing inmates from prison.  If he is correct that a transfer would facilitate his immediate release, such relief appears beyond the scope of what RFRA was designed to accommodate.  See United States v. Marks, 947 F. Supp. 858, 865 (E.D. Pa. 1996) (RFRA was intended "to assure that prison officials make accommodations to the sincere religious practices of prisoners in prison.  Accommodation has its limits, however. One such limit surely must be that prisoners are not to be released from incarceration because their religious practices are more conveniently practiced outside of jail.").  On the other hand, if Sluss is incorrect and a transfer would not lead to his early release, then he has failed to offer any indication of how the transfer would reduce the burden on his religious exercise.  Sluss has

5

nearly 24 years remaining on his 33-year sentence and cannot weaponize RFRA as a Trojan Horse to escape the walls of federal prison.

      B. <u>Compelling Interest and Least Restrictive Means</u>

In any event, Plaintiff also cannot show that the refusal to transfer him does not further a compelling government interest by the least restrictive means. At the outset, Sluss is mistaken in his belief that the Court's inquiry must end once he has established a substantial burden. His Opposition states that once Plaintiff has pled sincere religious beliefs and a substantial burden, "he has stated a plausible claim for relief under RFRA . . . No more is required of him." Pl. Opp. at 3. The Court in <u>Kaemmerling</u>, however, was clear that even if a plaintiff does "allege a substantial burden on his exercise of religion, his complaint w[ill] still fail to state a claim for relief [if] the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that . . . interest, satisfying the RFRA exception." 553 F.3d at 680 (internal quotation marks omitted). Sluss, accordingly, cannot survive Defendant's Motion if the burden complained about — the denial of his transfer request — furthers a compelling government interest by the least restrictive means.

This is indeed Plaintiff's fate, because mandating his transfer would undermine the Government's compelling interest in placing inmates in the appropriate facilities to ensure the security of the prison and the community. In <u>Wardrick v. Federal Bureau of Prisons</u>, No. 19-184, 2020 WL 1821133 (D.D.C. Apr. 10, 2020), Judge Royce Lamberth of this district dismissed a similar RFRA complaint for failure to state a claim. The plaintiff, a federal prisoner with 18 months remaining on his sentence, had requested a transfer from a medium-security prison to a Residential Reentry Center in order to be closer to family and more freely practice his Christian faith. <u>Id.</u> at *1. Judge Lamberth found that "BOP possesses a compelling governmental interest to place inmates in appropriate correctional facilities to ensure the safety of other inmates and the

general community" and that granting the transfer "would significantly hinder BOP's ability to weigh the appropriate factors" it considers in "deciding where inmates ought to serve the duration of their sentences." Id. at *4–5. "Far from furthering BOP's compelling governmental interest," he found that "the relief plaintiff s[ought] undermines that interest" and dismissed the case for failure to state a claim. Id. at *4.

That same logic applies to this case. The Government has a compelling interest in deciding among different facilities in this country. It has a similarly strong interest in deciding whether to transfer prisoners beyond our borders, specifically where, as Sluss contends, he could obtain early parole. Enforcing properly meted out sentences ensures respect and order in the criminal-justice system. There is, furthermore, no less restrictive means in this case where the choice is binary: transfer him to Canada for parole or retain him here. Sluss has thus failed to state a claim under RFRA.

**IV.    Conclusion**

For the foregoing reasons the Court will grant Defendants' Motion to Dismiss. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 19, 2021